MICHAEL J. MAGGIO, *ET AL.*, PLAINTIFFS-APPELLANTS,
v. SUSSEX COUNTY WELFARE BOARD, *ET AL.*, DE-
FENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued December 7, 1953—Decided December 23, 1953.

Before Judges JAYNE, STANTON and FRANCIS.

*Mr. Willis H. Sherred* argued the cause for the appellants (*Messrs. Morris, Downing & Sherred,* attorneys).

*Mr. John T. Madden* argued the cause for the respondents (*Messrs. Dolan and Dolan,* attorneys).

PER CURIAM. The plaintiffs held a judgment which was entered against Lillian Kindred in the Sussex County Circuit Court in 1938 and they delivered a writ of execution issued thereon to the sheriff on June 5, 1953. The defendant welfare board pursuant to *N. J. S. A.* 44:7–14 and 15 filed with the clerk of the County Court on May 1, 1953 a certificate showing the amount of assistance advanced to the said Lillian Kindred. The statute provides that upon such filing the certificate shall have the same force and effect as a civil judgment and that it may be proceeded upon according to the practice in the County Court. Execution was issued thereon and the writ was delivered to the sheriff on May 28, 1953. The County Court held that the board's judgment should be first satisfied from the proceeds of the sale.

The plaintiffs concede that a holder of a junior judgment may acquire priority of satisfaction over the holder of a senior judgment by the earlier delivery of his writ of execution to the sheriff. *N. J. S.* 2A:17–12 and 13. However, they contend that this rule does not apply here because of the language of the old age assistance statute. They point out that the board's judgment has priority over *all unrecorded encumbrances* under *N. J. S. A.* 44:7–14 and over *all unse-*

*cured claims* except burial and funeral expenses under *N. J. S. A.* 44:7–15, and argue that by reason thereof a legislative intent is indicated to the effect that the priority of earlier judgments may not be affected by such a judgment. They cite *Camden County Welfare Board v. Federal Deposit Insurance Corp.,* 1 *N. J. Super.* 532 (*Ch. Div.* 1948). That case dealt with the question of priority of the liens of judgments held by the named parties and not of the issuance of executions thereon; under it and the cited statute the plaintiffs here had, that which the defendant board does not question. a prior lien. There is nothing in the statute however, which limits the board's right to acquire over the plaintiffs by its diligence that which any junior judgment creditor might acquire by the earlier delivery of execution to the sheriff, namely priority of satisfaction. There is no merit to the plaintiffs' contention and the judgment is affirmed.